Filed 2/2/15  P. v. Giberson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C075492 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF102456, CRF114545) |
| v. | |
| DEAN LEE GIBERSON, | |
| Defendant and Appellant. | |

Defendant Dean Lee Giberson appeals from a judgment of the Yolo County Superior Court sentencing him to four years eight months in state prison.  On appeal he contends the trial court erred when it found that it lacked authority to grant his request, made pursuant to *People v. Superior Court* (*Romero*) 13 Cal.4th 497 (*Romero*), to strike a prior serious felony conviction he had admitted because the admission was part of a negotiated plea.  As the People acknowledge, and we agree, the trial court did so err.  Accordingly, we shall remand the matter to the trial court for a new *Romero* hearing.

1

On June 2, 2010, pursuant to a plea bargain, defendant Dean Lee Giberson pleaded no contest in amended criminal complaint CRF10-2456 (the 2010 case) to count 1, transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and admitted a prior strike conviction for making criminal threats (Pen. Code, § 422). In exchange for defendant's plea and admission, the court dismissed count 2, possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), count 3, possession of drug paraphernalia (Health & Saf. Code, § 11364), count 4, driving without a valid driver's license (Veh. Code, § 12500, subd. (a)), and an allegation that defendant had served a prior prison term (Pen. Code, § 667.5, subd. (b)). The agreement, as set forth in the plea form, stated that "the matter of probation and sentence is to be determined solely by the Court." The trial court suspended imposition of judgment and placed defendant on Proposition 36 probation for three years.

On October 13, 2011, defendant was charged in case No. CRF11-4545 (the 2011 case) with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) with allegations of a prior strike conviction and service of a prior prison term, the same allegations that were charged in the 2010 case. On November 4, 2011, defendant pleaded no contest to the drug charge and admitted both allegations. On November 18, 2011, the court suspended imposition of judgment and placed defendant on Proposition 36 probation. Again, the plea form specified that "the matter of probation and sentence is to be determined solely by the Court." The court also revoked, but reinstated on the same terms and conditions, defendant's probation in the 2010 case.

Following several findings of defendant's being in violation of his Proposition 36 probation in both cases, but reinstating him to probation, the trial court, on August 2, 2013, again found him in violation of probation and excluded him from Proposition 36 probation.

At a sentencing hearing conducted on August 27, 2013, the trial court addressed defendant's request to strike the prior strike conviction alleged in each case pursuant to *Romero*, *supra*, 13 Cal.4th at page 497 and decided to grant it.  However, the prosecutor objected to the court's dismissing the 2010 allegation because, unlike the prior strike in the 2011 case, the admission of the strike prior was a negotiated part of the plea bargain. The matter was continued for further briefing.

On October 3, 2013, relying on *People v. Cunningham* (1996) 49 Cal.App.4th 1044 (*Cunningham*), and *People v. Ames* (1989) 213 Cal.App.3d 1214 (*Ames*), the court concluded it lacked the authority to grant the *Romero* request as to the 2010 case because it was part of a negotiated plea.

On November 14, 2013, in the 2010 case, the court sentenced defendant to the lower term of two years, doubled to four years because of the strike.  In the 2011 case, the court struck the strike because it had not been admitted as part of a plea bargain since defendant had pleaded to all charges and admitted the enhancements.  The court also struck the enhancement for service of the prior prison term.  For the possession of the methamphetamine conviction, the court imposed an eight-month consecutive term.

## DISCUSSION

Defendant contends, and the People agree, the trial court erred when it determined that it lacked authority to strike the prior strike conviction in the 2010 case.  As we explain below, we agree with the parties; hence, we shall remand the matter to the trial court to afford it the opportunity to exercise its discretion to strike the prior conviction pursuant to *Romero*.

Where a specific sentence is a negotiated part of a plea bargain, the trial court is without authority to alter it.  (*Cunningham, supra*, 49 Cal.App.4th at pp. 1047-1048 [expressly agreed upon term of 32 months barred remand for court to exercise its discretion to strike prior conviction]; *Ames*, *supra*, 213 Cal.App.3d at pp. 1217-1218

3

[sentencing court had no authority to alter terms of plea bargain by dismissing special circumstance that murder defendant had admitted in return for prosecution's agreement not to seek death penalty].)  However, where the record shows that the plea bargain does not include a specific sentence or range of punishment or prohibition on the court's sentencing discretion that was negotiated as part of the plea bargain, the trial court may exercise its discretion and strike a prior serious felony conviction.  (*People v. Smith* (1997) 59 Cal.App.4th 46, 50-52.)

In the 2010 case, the record shows that the plea bargain consisted of defendant's no contest plea to transportation of methamphetamine plus his admission of the prior strike conviction in exchange for the dismissal of other counts and the service of a prior prison term enhancement.  The change of plea form, which was signed by the prosecutor, confirms that sentencing in its entirety was left to the discretion of the trial court.  Specifically, condition 12 of the form states:  "I understand that the matter of probation and sentence is to be determined solely by the Court."  Additionally, condition 15 of the form states:  "This is a conditional plea.  I will receive no state prison at the outset and will be placed on Penal Code Section 1210.1(a) probation.  (Proposition 36)  If I refuse drug treatment as a condition of probation, this plea will remain in effect and I will be sentenced without any conditions on the plea."

Thus, aside from initially placing defendant on Proposition 36 probation, the plea bargain contains no limits on the court's sentencing discretion.  The trial court was simply mistaken in believing otherwise.

DISPOSITION

The matter is remanded to the Yolo County Superior Court with directions to consider defendant's request pursuant to *Romero* to strike his prior serious felony conviction.

      HULL      , Acting P. J.

We concur:

    ROBIE    , J.

    MAURO    , J.

5