Filed 8/19/16  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>PAUL LYNN WRIGHT,<br><br>        Defendant and Appellant. | C081518<br><br>(Super. Ct. No. 15F02328) |

Appointed counsel for defendant Paul Lynn Wright asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In a search of defendant's home, police found over $4,000 in cash, four digital scales, pay-owe sheets, two live shotgun shells, three handguns, seven pounds of processed marijuana, 500 grams of concentrated cannabis (honey oil), four ounces of methamphetamine, 10 hydrocodone pills, 36 Ecstasy pills, 40 morphine pills, and additional narcotics packaging.  In addition, officers found on defendant's person

1

18.7 grams of methamphetamine and just under $200 in cash. And in a storage unit belonging to defendant, police found brass knuckles along with 4.28 grams of methamphetamine.

In exchange for the dismissal of certain charges and a stipulated six-year eight-month sentence, defendant pleaded no contest to possession of a controlled substance for sale (Health & Saf. Code, § 11378 -- count 2), possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1)[1] -- count 3), and possession of marijuana for sale (Health & Saf. Code, § 11359 -- count 4). Defendant also admitted a prior strike conviction allegation, alleging a conviction for assault with a deadly weapon in 1986. The trial court imposed an aggregate term of six years eight months in prison, consisting of four years on count 2 (the middle term doubled for the strike) and 16 months each on counts 3 and 4 (one-third the middle term, doubled for the strike). The trial court awarded 464 days of presentence credit and ordered defendant to pay a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $120 court operations assessment (§ 1465.8) and a $90 court facility fee (Gov. Code, § 70373).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a timely supplemental brief asserting various contentions.

Defendant contends the use of his prior strike to double his current sentence constitutes double jeopardy. This is not so. "[T]he use of prior convictions to enhance a later sentence under a recidivism statute, such as the Three Strikes law, does not offend

---

[1] Undesignated statutory references are to the Penal Code.

2

double jeopardy principles because 'the enhanced punishment imposed for the later offense "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." ' " (*Allen v. Stratton* (2005) 428 F.Supp.2d 1064, 1078, quoting *Witte v. United States* (1995) 515 U.S. 389, 400 [132 L.Ed.2d 351, 364].)

In addition, defendant contends his prior strike should no longer apply because it occurred 30 years ago, and there must be a "wash[out] period" for prior strikes. Again, this is not the case. The three strikes statute provides that "[t]he length of time between the prior serious and/or violent felony conviction and the current felony conviction shall not affect the imposition of sentence." (§ 667, subd. (c)(3).) No washout period exists. (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1514 ["California's Three Strikes statute contains no washout period"].)

Defendant next argues his trial counsel failed to request a *Romero*[2] hearing or seek a strike review. But having entered into a stipulated sentence incorporating a strike enhancement, defense counsel could not then move to dismiss the prior strike, nor could the trial court grant that request. (See *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1046-1048 [trial court lacked authority to dismiss a prior strike the defendant admitted in exchange for a stipulated sentence]; *People v. Ames* (1989) 213 Cal.App.3d 1214, 1216-1218 [trial court lacked discretion to strike a special circumstance the defendant had admitted in exchange for the dismissal of a second special circumstance allegation and a promise not to seek the death penalty].)

Defendant adds there was no three strikes law at the time of his 1986 conviction; had he known he could later receive additional time for that conviction, he would not

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3

have pleaded no contest back then. His contention lacks merit. (See *Witte v. United States, supra*, 515 U.S. at p. 400 [132 L.Ed.2d at p. 364].)

Finally, defendant contends the trial court erred in imposing fines that were not included in his plea agreement. We find no error. The trial court informed defendant of the restitution fine prior to his plea, and the court operations assessment and court facility fee are mandatory. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.) In any event, imposition of the fines and fees was not a significant variance in the context of the plea agreement. (See *People v. Walker* (1991) 54 Cal.3d 1013, 1024 ["A punishment or related condition that is insignificant relative to the whole . . . may be imposed whether or not it was part of the express negotiations"], overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

        /S/
MAURO, J.


We concur:


    /S/
BUTZ, Acting P. J.


    /S/
MURRAY, J.

4