Filed 11/2/20  P. v. Brashear CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C084108 |
| Plaintiff and Respondent, | (Super. Ct. No. 131097) |
| v. | |
| JOHN HENRY BRASHEAR III, | |
| Defendant and Appellant. | |

Defendant John Henry Brashear III pleaded no contest to forcible sexual penetration by a foreign object of a child under 14 and admitted a prior serious felony enhancement in exchange for a 15-year sentence and the dismissal of several other sex-related offenses and enhancement allegations.  At sentencing the court imposed the 15-year term but failed to dismiss the remaining counts and enhancements as the parties

1

agreed. The court imposed a $4,500 restitution fine under Penal Code sections 1202.4 and 1202.45[1] over defendant's ability to pay objection.

On appeal, defendant contends: (1) the court erred in failing to dismiss the remaining counts and enhancements in accordance with his plea agreement; (2) the court abused its discretion by imposing a restitution fine in the amount of $4,500 and a $4,500 parole revocation restitution fine without considering his ability to pay that amount; (3) the $70 AIDS education fine under Penal Code section 264 was inapplicable; and (4) he was entitled to one additional day of presentence credit.

In supplemental briefing, defendant argues: (5) remand is required so the trial court may consider exercising its discretion under Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2) (SB 1393) to strike or dismiss a section 667, subdivision (a) serious felony enhancement; and (6) the imposition of fines and fees violated his right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

We agree that the trial court erred in not dismissing the remaining counts and enhancements pursuant to the negotiated agreement and modify the judgment accordingly. We reject defendant's *Dueñas* challenge, but it appears, based on the comments of the prosecutor and the trial court, that the trial court may have failed to consider defendant's ability to pay the amount of the restitution fines. Accordingly, we remand for the court to once again set the amount of the fine. We shall strike the $70 section 264 fine, and award defendant one additional day of presentence credit. We shall also remand to allow defendant to seek relief under SB 1393 and if the trial court is inclined to grant that relief, the prosecution must be allowed to withdraw from the negotiated agreement.

We otherwise affirm.

---

[1] Undesignated section references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was charged with sexual penetration with a child 10 years of age or under (§ 288.7, subd. (b), count 1), sexual penetration by force (§ 289, subd. (a)(1)(B), count 2), committing a forcible lewd act on a child under 14 (§ 288, subd. (b)(1), count 3), committing a lewd act on a child under 14 (§ 288, subd. (a), count 4), false imprisonment by violence (§ 236, count 5), and misdemeanor sexual battery (§ 243.4, subd. (a)(1), count 6). As to counts 2 and 3, the amended information alleged that defendant kidnapped the victim (§ 667.61, subds. (a), (d)(2)). It was further alleged that defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), that he had a prior serious felony conviction (§ 667, subd. (a)(1)), and that he had served three prior prison terms (§ 667.5, subd. (b)). Defendant's exposure was an indeterminate life term.

Avoiding a potential life term, defendant entered a no contest plea to sexual penetration by force in count 2 and admitted the attached serious prior felony conviction enhancement under section 667, subdivision (a). As part of the plea bargain, the remaining counts were to be dismissed, and the parties agreed to a maximum sentence of 15 years. At the time of the plea, the court determined that the remaining counts and enhancements would be dismissed at the time of sentencing.

A different judge presided over the sentencing hearing. Although the court sentenced defendant to 15 years as agreed, it did not dismiss the remaining counts and enhancements. The court imposed various fees and fines, including a $4,500 restitution fine pursuant to sections 1202.4 and 1202.45 and a $70 AIDS education fine under section 264. Defendant was awarded 1,261 actual days and 188 days of presentence credit for a total of 1,449 days.

---

[2] The facts underlying defendant's conviction are not relevant to the issues raised on appeal.

## DISCUSSION

### I. Dismissal of the Remaining Counts and Enhancements

Defendant contends, and the People concede, that counts 1, 3, 4, 5, and 6 and the strike enhancement, the prior prison term enhancements and the kidnapping enhancement must be dismissed pursuant to the parties' plea agreement. We agree.

It is axiomatic that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 433]; *People v. Williams* (1998) 17 Cal.4th 148, 166.) Both a criminal defendant and the People are entitled to the benefit of their bargain. (*People v. Ames* (1989) 213 Cal.App.3d 1214, 1218.) We shall therefore modify the judgment to dismiss counts 1, 3, 4, 5, and 6, the strike enhancements (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), the prior prison term enhancements (§ 667.5, subd. (b)), and the kidnapping enhancements (§ 667.61(a), (d)(2)). (§ 1260 [appellate court "may modify a judgment or order appealed from"].)

### II. Restitution Fine and Other Assessments

#### A. Amount of the Fine

Defendant contends the trial court abused its discretion in purportedly refusing to consider defendant's inability to pay as a factor in setting the amount of the restitution fine.

#### 1. Additional Background

After hearing the parties' position on sentencing, the trial court asked if the parties had any additional comments. The following was then said:

"[DEFENSE COUNSEL]: Well, there are a number of fees that are proposed that are subject to ability to pay. The preparation of the report fee, the booking fee, counsel fees, are the ones that stand out to me.

"[THE COURT]: I think those are fees that particularly that he would have an inability to pay under the anticipated sentence.

"[DEFENSE COUNSEL]: And then we're also asking that . . . the restitution fine be imposed in the minimum amount of $300 . . . based on the same ability to pay issue.

[¶] . . . [¶]

"[THE PROSECUTOR]: *The restitution fine amount is based on the conduct itself. And it's not subject to inability to pay*. So while I can appreciate his argument, *the Court should be considering the offense itself as to the amount of the fine*." [¶] And . . . it actually can be up to $10,000. So [the probation department hasn't] even given the max amount in their recommendation. . . . I don't think that it would be appropriate to lower that to 300 in light of the facts of the case." (Italics added.)

The parties then submitted the issue of restitution and the trial court thereafter imposed sentence. In ordering restitution the trial court said the following:

"[THE COURT]: The Court will order the defendant to pay the restitution fine in the amount of $4,500 pursuant to Penal Code section 1202.4(b)(2). [¶] And an additional restitution fine in the same amount under Penal Code section 1202.45 which would be suspended unless the defendant's parole . . . is revoked. [¶] And *I concur that that's not based on the ability to pay. It's based on the type of the offense and generally the length of time recommended or imposed in terms of the sentencing to state prison*." (Italics added.)

## 2. Analysis

In every case where a person is convicted of a crime, "the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) If the person's sentence includes a period of parole, the court shall assess an additional parole revocation restitution fine in the same amount as that imposed under section

5

1202.4 and suspend that fine pending successful completion of parole.  (§ 1202.45, subd. (a) and (c).)

A defendant's inability to pay is not a compelling and extraordinary reason for declining to impose a restitution fine, although it may be considered when setting the amount of the fine.  (§ 1202.4, subd. (b)(1).)  The amount of the fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense."  (*Ibid.*)  In setting the fine, the court may determine the amount of the fine by multiplying the minimum $300 fine by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted. (§ 1202.4, subd. (b)(2).)  The trial court "*shall* consider any relevant factors, *including*, but not limited to, *the defendant's inability to pay*, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime."  (§ 1202.4, subd. (d), italics added.)  We construe the word "shall" as imposing a mandatory duty.  (*People v. Nelson* (2011) 51 Cal.4th 198, 227 and fn. 22 [the law calls for the trial court to consider a defendant's ability to pay in setting the amount of the restitution fine; it "should" take ability to pay into consideration]; see also *People v. Ramirez* (2019) 41 Cal.App.5th 923, 932 [construing the word "shall" in section 1170.95, subdivision (d)(2) as imposing a mandatory duty on the court].)  However, "express findings by the court as to the factors bearing on the amount of the fine" are not required.  (§ 1202.4, subd. (d).)

As noted, the trial court found that defendant had an inability to pay other fees "under the anticipated sentence."[3]  Thereafter, defendant objected to the proposed $4,500

---

[3]  The People concede the trial court made a specific finding that [defendant] lacked the ability to pay fines.  However, on this record, it is not clear upon what evidence the trial court made that finding.  As the People note, defendant never made any offer of proof on

restitution fines based on an asserted inability to pay and requested that the court impose the $300 minimum fine. The prosecutor responded that "[t]he restitution fine amount is based on the conduct itself. And it's not subject to inability to pay." He added, "the Court should be considering the offense itself as to the amount of the fine." The court thereafter imposed the $4,500 restitution fines, noting that the court "concur[red] that that's *not based on* the ability to pay. It's *based on* the type of the offense and generally the length of time recommended or imposed in terms of the sentencing to state prison." (Italics added.)

It is not clear what the court meant by its comments. It could be that the court meant that in the exercise of its discretion, ability to pay was outweighed by the nature of the crime. Its reference to the term of state prison could have been made in recognition that defendant could pay the restitution fine from prison earnings. On the other hand, the court's use of the words "not based on" and "based on" suggests ability to pay was not considered as a factor, and the fine was strictly grounded on the nature of the crime and the length of the prison sentence. The latter reading is consistent with what the prosecution advocated.

The People point out that the trial court is not required to make express findings and argue that there is "nothing in th[e] record [that] dispels the usual presumption that the sentencing court used appropriate sentencing discretion in formulating this sentence and the accompanying restitution fines." However, the trial court did make an express, albeit somewhat ambiguous finding in response to the prosecutor's comments. Given the prosecutor's incorrect representation that the restitution was "not subject to inability to

---

this issue. Under a section labeled "Defendant's ability to pay," the probation report simply notes: "This officer has spoken with the defendant and discussed his financial requirements to the Court as a result of this conviction. The defendant understands this obligation and has indicated if he is employed he will make payments to the Court." (Capitalization omitted.)

7

pay," his comment that "the Court should be considering the offense itself as to the amount of the fine," the court's concurrence that the fine was "not based on the ability to pay," but rather "the type of the offense and generally the length of time recommended or imposed in terms of the sentencing to state prison," and the court's determination that defendant did not have the ability to pay other fees, it is not at all clear that the trial court understood it was required to consider defendant's inability to pay when setting the amount of the restitution fines above the mandatory minimum. Under the circumstances, we cannot presume the trial court understood it could factor inability to pay into its determination of the amount of the restitution fines.

Accordingly, we shall remand the matter for the trial court to consider defendant's inability to pay objection.

## B. *Dueñas*

Defendant contends, based on *Dueñas*, that the $4,500 restitution fine, the $40 court operations assessment (§ 1465.8), and the $30 criminal conviction assessment (Gov. Code, § 70373) must be vacated or stayed pending a determination of his ability to pay them. He claims imposing the fees and fine without determining his ability to pay violates his constitutional rights to due process.

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under []section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) *Dueñas* further held "that although []section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid*.)

8

We join those authorities that have concluded the principles of due process do not supply a procedure for objecting to the fines and assessments at issue in *Dueñas* and in this proceeding based on the present ability to pay. (*People v. Cota* (2020) 45 Cal.App.5th 786, 793-795; *People v. Petri* (2020) 45 Cal.App.5th 82, 90-92; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069, rev. den. Dec. 11, 2019, S258563; *People v. Caceres* (2019) 39 Cal.App.5th 917, 927-928.) To the extent it announced this broad rule, *Dueñas* was wrongly decided and defendant's claim pursuant thereto is without merit.

### III. Penal Code section 264 AIDS Education Fine

Defendant contends the court erroneously imposed a $70 fine under section 264, a portion of which goes towards AIDS education. The People concede the error. We agree.

Section 264 provides in relevant part, "In addition to any punishment imposed under this section the judge may assess a fine not to exceed seventy dollars ($70) against any person who violates Section 261 or 262 with the proceeds of this fine to be used in accordance with Section 1463.23." (§ 264, subd. (b).) Section 1463.23, in turn, provides that $50 of this and other fees be used to pay for county AIDS education programs. (§ 1463.23.)

Defendant was not convicted of violating section 261 or section 262. (§§ 261 (rape), 262 (spousal rape).) Instead, he pleaded no contest to violating section 289, penetration of a child under 14 years old. (§ 289, subd. (a)(1)(B).) Because the $70 fine in section 264 only applies to violations of sections 261 and 262, the court could not impose the fine in this case. We shall therefore strike the unauthorized fine. (*People v. Sanders* (2012) 55 Cal.4th 732, 743, fn. 13 [appellate court can correct an unauthorized sentence at any time].)

9

## IV. Presentence Custody Credits

Defendant contends and the People agree that he is entitled to one additional day of presentence credit under section 2933.1. We likewise conclude the trial court should have awarded defendant one additional day of credit.

Under section 2933.1, "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 [violent felony offenses] shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." (§ 2933.1, subd. (a).) Forcible sexual penetration of a child under 14 (§ 289, subd. (a)(1)(B)), to which defendant pleaded no contest, qualifies as a violent felony under section 667.5. (§ 667.5, subd. (c)(11).) Defendant was thus limited to 15 percent of worktime credit under section 2933.1.

Defendant was in custody from the date of his arrest on July 30, 2013 until the date of sentencing on January 10, 2017, a total of 1,261 days. Fifteen percent of 1,261 days is 189.15 days. Rounded down to the nearest whole number, defendant should have been awarded 189 days. Defendant was only awarded worktime credit of 188 days, however. He is therefore entitled to one additional day of credit.

## V. Prior Serious Felony Conviction Enhancement

In a supplemental brief, defendant contends remand is appropriate to allow the trial court to consider exercising its authority under SB 1393. The People disagree, arguing that while SB 1393 applies retroactively to non-final cases, the trial court is prohibited from exercising discretion here to strike the prior serious felony enhancement because it approved the plea agreement with a specified 15-year prison term that included five years for a prior serious felony enhancement.

Effective January 1, 2019, SB 1393 authorizes a trial court to strike a section 667, subdivision (a) prior serious felony enhancement in the interest of justice under section 1385. (Stats. 2018, ch. 1013.) SB 1393 applies retroactively to cases like defendant's

10

that are not yet final on appeal. (*People v. Jones* (2019) 32 Cal.App.5th 267, 273; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

This brings us to the question of remedy, a question our high court recently addressed. In *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), the court reversed and allowed the defendant the opportunity to seek relief under SB 1393 in the superior court. (*Id*. at p. 709) It further held that if the defendant ultimately pursued that relief, the trial court was to then decide whether it would exercise its discretion to dismiss or strike the section 667, subdivision (a) allegation; if the trial court declined to do so, that would end the matter. (*Id*. at p. 707.) However, if the trial court was inclined to exercise its discretion, the high court made clear that the trial court "is not authorized to unilaterally modify the plea agreement by striking the serious felony enhancement but otherwise keeping the remainder of the bargain. If the court indicates an inclination to exercise its discretion under section 1385, the prosecution may . . . agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to . . . withdrawal of assent to the plea agreement.' " (*Ibid*.) Additionally, in the exercise of its discretion, the trial court could withdraw its prior approval of the plea agreement. (*Ibid*.)

We follow the *Stamps* remand procedure here. If defendant pursues relief under SB 1393 and the trial court indicates it is inclined to dismiss or strike the section 667, subdivision (a) enhancement, the prosecution shall be allowed to withdraw its assent to the plea and the case shall return to its pre-plea status, with all counts and enhancements that were dismissed pursuant to the negotiated agreement restored. Additionally, if the trial court, in the exercise of its discretion, withdraws its prior approval of the plea agreement, the case shall be returned to its pre-plea status, with all dismissed counts and enhancements restored.

## DISPOSITION

Pursuant to the plea agreement, counts 1, 3, 4, 5, and 6 are dismissed, as are the prior strike enhancements, the prior prison term enhancements, and the kidnapping enhancements. The $70 fine under section 264 is stricken, and defendant is awarded one additional day of presentence credit. The $4,500 restitution fine under section 1202.4 and the $4,500 parole revocation restitution fine under section 1202.45 are vacated and the matter is remanded for the trial court to consider defendant's ability to pay in determining the amount of the restitution fines. Upon remand, defendant shall be permitted to seek relief under SB 1393. If defendant chooses to seek such relief, the trial court shall proceed in accordance with the views expressed in this opinion. If defendant withdraws his request for relief under SB 1393 or if defendant is resentenced to state prison, the trial court shall prepare an amended abstract of judgment consistent with this opinion and shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                /s/
                                         MURRAY, J.

We concur:

    /s/
HULL, Acting P. J.

    /s/
BUTZ, J.*

---

\* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.