Filed 8/11/21  P. v. Fox CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHAWN EDWARD FOX,<br><br>        Defendant and Appellant. | A160301<br><br><br>(Lake County<br>Super. Ct. Nos. CR-953741,<br>CR-953896) |

Defendant Shawn Edward Fox appeals from a judgment imposing an eight years eight months stipulated sentence following his no contest pleas in two cases.  Counsel for defendant has filed an opening brief in which she raises no issues and asks this court for an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel informed defendant of his right to submit a supplemental brief and he has not filed one.  Having conducted our independent review and finding no arguable issues to be briefed, we affirm the judgment.

# BACKGROUND

## A.  *Case No. CR-953741*

Defendant was charged by information with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a) [count I]);[1] being a felon in possession of ammunition and reloaded ammunition (§ 30305, subd. (a)(1) [count II]); carrying upon his person a concealed firearm (§ 25400, subd. (a)(2) [count III]); and attempting, by threats or violence, to deter or prevent an executive officer from performing his or her lawful duty (§ 69 [count IV]).  As to each count, it was also alleged defendant had been convicted of a prior strike conviction (§§ 245, subd. (a)(2), 667, subd. (d), 1170.12, subd. (b)).

## B.  *Case No. CR-953896*

Defendant was charged by information with assault with a deadly weapon other than a firearm, to wit, a truck (Pen. Code, § 245, subd. (a)(1) [count I]); making a criminal threat (Pen. Code, § 422, subd. (a) [count II]); and misdemeanor hit and run (Veh. Code, § 20002, subd. (a) [count III]).  It was also alleged that counts I and II were committed while defendant was on bail in case No. CR-953741 (Pen. Code, § 12022.1) and that he had suffered a prior strike conviction and a serious felony conviction (Pen. Code, §§ 245, subd. (a)(2), 667, subds. (a)(1), (d), 1170.12, subd. (b)).

## C.  *Plea Bargain*

On October 2, 2019, defendant initialed and executed form waivers of his constitutional rights prior to entry of no contest pleas in both cases.  In case No. CR-953741, he pleaded no contest to a lesser related charge of count I, attempted possession of a firearm by a felon (§§ 21a, 664, 29800), and admitted the prior strike.  In case No. CR-953896, he pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1) [count I]) and admitted the

---

[1] All further undesignated statutory references are to the Penal Code.

prior strike. Defendant expressly acknowledged that his no contest plea to assault with a deadly weapon and conviction in case No. CR-953896 constituted a strike. Defendant further acknowledged that the plea would result in a credit limitation of 20 percent. In exchange for his pleas, the parties agreed to the stipulated sentence of eight years eight months and that the balance of the information in each case would be dismissed.

At the October 2, 2019 change of plea hearing, the trial court reviewed the preliminary hearing transcripts for each case and found there was a factual basis for each plea. After confirming that defendant understood the nature of his pleas, including that he was pleading to a second strike, and that he freely waived his constitutional rights, the trial court permitted defendant to enter his pleas pursuant to the negotiated bargain.

**D.** *Motion to Withdraw Plea*

On February 3, 2020, defendant sought to withdraw his plea on the following grounds: (1) defense counsel failed to provide him with all of the evidence; (2) defendant felt unduly pressured to enter a plea rather than go to trial because the prosecutor intended to call his elderly mother to testify, which he believed would cause her to have a stroke, and the prosecutor threatened to file new charges; (3) defense counsel provided ineffective assistance of counsel because counsel had a conflict of interest that prevented him from taking the case to trial (counsel had represented the victim in case No. CR-953896 in another matter), thus leaving him the choice either to settle the case or to wait even longer to go to trial; and (4) defendant was not aware that his plea was to a second strike.

On March 4, 2020, the court held a hearing on the motion. At the hearing, defendant stipulated on the record that he was aware that the plea involved a second strike. After hearing extensive testimony from defendant's

3

attorney, the trial court denied the motion.  The court explained that, based on the evidence presented at the hearing, defendant received all the evidence he had requested to see.  There was nothing to suggest that had defendant seen other evidence he would have proceeded differently.  There was no evidence that defendant had insufficient time to consider the deal.  Also, there was no evidence that he took the deal solely to keep his mother off the stand.  Moreover, there was evidence that defendant could have avoided having his mother testify by simply stipulating to the fact that she was the person he spoke with during a recorded telephone call.  Finally, as to the conflict of interest, defense counsel had obtained a written waiver of the conflict from defendant and the prosecutor was prepared to proceed without the victim in the likely event that the victim failed to appear at trial.  Also, there was no evidence that the possible existence of a conflict of interest affected defendant's decision to enter the plea.

## E.    *Sentencing*

At the March 16, 2020 consolidated sentencing hearing, defense counsel asked the court to exercise its discretion and strike defendant's prior strike conviction pursuant to section 1538.5 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  The prosecution opposed the motion, arguing that defendant's case involved a stipulated sentence and "[h]ad it been contemplated that there may be the possibility of a *Romero* motion or the granting of one, [the prosecution] would have factored that into consideration when coming up with [the] stipulated disposition."  The trial court denied the *Romero* motion, citing the stipulated sentence and finding the interests of justice did not warrant dismissal of the prior strike conviction because both his prior strike and the current offense were for violent offenses.

4

The trial court sentenced defendant to eight years eight months in state prison as follows:

Case No. CR-953896: eight-year term (four-year upper term doubled as an enhancement) on count I, the principal term.

Case No. CR-953741: eight-month term (one-third of the middle term doubled as an enhancement), to run consecutively as a subordinate term.

Defendant was awarded 549 days' credit (275 actual and 274 conduct) in case No. CR-953896. Defendant was awarded two days' credit (actual time) in case No. CR-953741. For each case, the court ordered defendant to pay various fines, fees, and assessments.

Defendant timely appealed and obtained a certificate of probable cause.

## DISCUSSION

A trial court has discretion to allow a plea to be withdrawn if the defendant shows good cause by clear and convincing evidence. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1207; § 1018.) Good cause means the defendant "was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment." (*Huricks*, at p. 1208.)

Here, defendant stipulated that he was pleading to a second strike. The record indicates that defendant entered into a knowing and voluntary plea. Defendant's asserted claims of insufficient discovery, improper pressure to take the plea, and ineffective assistance of counsel are not supported by the record. Thus, defendant having failed to establish good cause, the trial court properly denied his motion to withdraw his pleas.

The trial court also properly denied the *Romero* motion, as defendant entered into a stipulated sentence incorporating a strike enhancement. (See *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1046–1048 [trial court lacked authority to dismiss a prior strike the defendant admitted in exchange

5

for a stipulated sentence]; *People v. Ames* (1989) 213 Cal.App.3d 1214, 1216–1218 [trial court lacked discretion to strike a special circumstance the defendant admitted in exchange for the dismissal of a second special circumstance allegation and a promise not to seek the death penalty].) Additionally, the trial court considered the present and past offenses and concluded that the interests of justice did not warrant dismissal of the prior strike. In fact, the court concluded this was "exactly the type" of case for which the "three strikes law was designed . . . ."

The sentence imposed is authorized by law and was in compliance with the plea agreement. Custody credits appear to have been calculated correctly. And the fines, fees, and assessments imposed were proper.

Based on our review of the record, defendant was represented by competent counsel who acted to protect his rights and interests. We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

### DISPOSITION

The judgment is affirmed.

 

 

 

                                                      _____

                                                          Jackson, J.

WE CONCUR:

_____

Petrou, Acting P. J.

_____

Chou, J.*

A160301/*People v. Shawn Edward Fox*

---

     * Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.