Filed 9/1/23

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E080838 |
| v. | (Super.Ct.No. FVA015324) |
| RONNIE KEITH HARRELL, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Gregory S. Tavill, Judge. Reversed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

In 2001, petitioner Ronnie Keith Harrell was charged with five felonies, including attempted murder, each with a firearm enhancement and a gang enhancement; a prior prison term enhancement and a strike prior were also alleged. He was allowed to enter

1

into a plea bargain, pursuant to which he pleaded guilty to robbery, with a firearm enhancement, and admitted a strike prior. He was sentenced to 28 years in prison — the term prescribed by the plea bargain.

In 2023, Harrell filed a petition for resentencing pursuant to Penal Code section 1170.91.[1] Section 1170.91 "allow[s] a convicted veteran who suffers from a specified disorder as a result of his or her military service to petition for resentencing, so that that disorder may be considered as a mitigating factor." (*People v. Stewart* (2021) 66 Cal.App.5th 416, 420.) Harrell was honorably discharged from the United States Army in 1981, and he claims to suffer from several service-related disorders.

The trial court denied the petition. It relied on case law holding that a person serving a stipulated sentence is categorically ineligible for relief under section 1170.91. It rejected Harrell's argument that recent amendments to section 1170.91 had abrogated that case law.

This was error. The amendments deleted language from section 1170.91 that courts had previously relied on in holding that persons serving a stipulated sentence were ineligible. They also added new language allowing a trial court to reduce a conviction or a sentence "regardless of whether the original sentence was imposed after a trial or plea . . . ." (§ 1170.91, subd. (b)(3).) Legislative history confirms that the Legislature intended to make persons serving a stipulated sentence eligible for relief. While it expressed some doubts about whether it had the power to do so, we conclude that it did

---

[1] All further statutory citations are to the Penal Code.

(subject to potential constitutional arguments, which the People have not raised in this appeal, and which we do not reach).

I

STATEMENT OF THE CASE

In 2001, Harrell was charged with attempted murder (§§ 187, subd (a), 664), first degree residential robbery in concert (§§ 211, 212.5, 213, subd. (a)(1)(A)), first degree burglary (§§ 459, 460), felony false imprisonment (§ 236), and assault with a firearm (§ 245, subd (a)(2)). A personal firearm use enhancement (either § 12022.5, subd. (a)(1) or § 12022.53, subd. (b), as applicable) and a gang enhancement (§ 186.22, subd. (b)(1)) were attached to each count. One prior prison term enhancement (§ 667.5, subd. (b)) and one strike prior (§§ 667, subds. (b)-(i), 1170.12) were also alleged.

In 2002, pursuant to a plea agreement, Harrell pleaded guilty to first degree robbery (§§ 211, 212.5, subd. (a)) and admitted a personal firearm use enhancement (§§ 12022.53, subd. (b)) and the strike prior. As the plea agreement required, he was sentenced to 28 years in prison.

In 2020, he filed a petition for resentencing under section 1170.91. On February 18, 2021, the trial court denied the petition. It ruled, citing *People v. King* (2020) 52 Cal.App.5th 783 (*King*), that Harrell was ineligible for relief because he had stipulated to the sentence. He appealed, but we affirmed. (*People v. Harrell* (Oct. 14, 2021, E076604) [nonpub. opn.].)

In 2023, Harrell filed a second petition. In it, he argued that, under amendments to section 1170.91, effective January 1, 2023, a person serving a stipulated sentence is no longer categorically ineligible for relief. The trial court denied the second petition, again because Harrell had stipulated to the sentence. It stated, "This is[s]ue was decided on 2/18/2021 and affirmed on appeal in case no. E07[66]04. [¶] This repeat petition does not provide a legal basis to reconsider the matter."

## II

## THE EFFECT OF THE 2022 AMENDMENTS TO SECTION 1170.91

Harrell contends, as he did below, that under section 1170.91, as amended, he is not categorically ineligible for relief.

The People do not argue that the denial of his first petition was either res judicata or collateral estoppel. We consider such arguments forfeited.

Section 1170.91, as it stood when Harrell filed his first petition, provided:

"(a) If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation *when imposing a term under subdivision (b)*.

"(b)(1) A person currently serving a sentence for a felony conviction, *whether by trial or plea*, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder,

4

substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing *pursuant to subdivision (a)*, [subject to specified conditions].  [¶]

"(3)  . . . If the person satisfies the criteria [in this subdivision], the court may, in its discretion, resentence the person."  (Former § 1170.91, subds (a), (b)(1), & (b)(3), Stats. 2018, ch. 523, § 1, italics added.)

*King*, *supra*, 52 Cal.App.5th 783 held that, under this version of the statute, a person who is serving a stipulated sentence is categorically ineligible for relief.  (*Id*. at pp. 790–791.)  It stated two reasons.

First, "[w]hen a defendant who enters into a plea also agrees to a stipulated sentence, upon accepting the plea, the trial court may not proceed as to the plea other than as specified in the plea."  (*King*, *supra*, 52 Cal.App.5th at pp. 790–791.)  "[B]ecause King entered into a plea, which included a stipulated sentence . . . , even if the trial court granted relief under the petition by recalling King's sentence and holding a new sentencing hearing, it would be precluded from considering King's mental health and substance abuse problems in mitigation and imposing a lesser prison sentence when sentencing King.  Instead, based on the plea agreement, which remains in force, the trial court would still be required to impose the stipulated sentence of 30 years in prison."  (*Id*. at p. 791.)

Second, the *King* court "focus[sed] on the language of the statute itself.  A petitioner who meets the requirements set forth in section 1170.91, subdivision (b)

obtains the remedy of 'resentencing pursuant to subdivision (a).' [Citation.] Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems '*when imposing a term under subdivision (b) of Section 1170.*' [Citation.] A trial court that sentences under subdivision (b) of section 1170[] exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation. However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.' [Citation.]" (*King*, *supra*, 52 Cal.App.5th at p. 791.)

The court acknowledged that "the statute expressly states that a resentencing hearing is available to a defendant who was sentenced after entering into a plea. (§ 1170.91, subd. (b)(1) ["A person currently serving a sentence for a felony conviction, *whether by trial or plea* . . . may petition for a recall of sentence" (italics added)].) Thus, King is not precluded from obtaining relief under section 1170.91, subdivision (b) merely because he entered into a plea agreement. However, King did not only enter into a plea. Unlike a defendant who enters into an open plea, King also agreed to a specific prison term." (*King*, *supra*, 52 Cal.App.5th at p. 790.)

6

*People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*) agreed with *King*. (*Brooks*, *supra*, at pp. 1106–1109.) And in *People v. Pixley* (2022) 75 Cal.App.5th 1002, this court agreed with both. (*Id*. at pp. 1005–1008.)

In 2022, effective January 1, 2023, the Legislature amended section 1170 as follows (strike-out added to indicate deleted text, bolding added to indicate new text):

"(a) If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of ~~his or her~~ **the defendant's** military service, the court shall consider the circumstance as a factor in mitigation when imposing a ~~term under subdivision (b) of Section 1170~~ **sentence**. . . .

"(b)(1) A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of ~~his or her~~ the person's military service may petition for a recall of sentence . . . to request resentencing ~~pursuant to subdivision (a)~~ . . . . [¶]

"(3) . . . If the person satisfies the criteria [in this subdivision], the court may, in ~~its discretion, resentence the person~~ **the interest of justice, and regardless of whether the original sentence was imposed after a trial or plea, do either of the following:**

7

**"(A)  Reduce the defendant's term of imprisonment by modifying the sentence.**

**"(B)  Vacate the conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment with the concurrence of both the defendant and the district attorney of the county in which the defendant was sentenced or by the Attorney General if the case was originally prosecuted by the Department of Justice**." (§ 1170.91, subds. (a), (b)(1) & (b)(3), Stats. 2022, ch. 721, § 1.)

The 2022 amendments clearly nullified the second reason that *King* gave for its holding (based on the statutory language).  The closer question is whether it also nullified the first reason (based on the inability to impose a different sentence), by providing that "the court may, . . . and regardless of whether the original sentence was imposed after a trial or plea, . . .  [¶]  . . . [r]educe the defendant's term of imprisonment by modifying the sentence."  The amendments are ambiguous on this point.  They did not expressly provide that the trial court either could or could not reduce a stipulated  term.  And they used the "trial or plea" wording that *King* had held did *not* show an intent to override a stipulated sentence.

Because the amendments are ambiguous, we look to their legislative history. (*People v. Prudholme* (2023) 14 Cal.5th 961, 975.)

8

According to a Senate bill analysis: "This bill expands [section 1170.91] to include sentences where the plea agreement was for a specified term of years." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1209 (2021–2022 Reg Sess.), p. 9.) After discussing *Brooks* (*id*. at pp. 9–10), the analysis noted that "the basis of the court's decision was not merely interpretation of the statue. The court also relied on long-standing principles of law to determine that since the court does not have discretion to change the term of years in a stipulated sentence, there is not another range of years from which the court is free to choose as an alternate term of years." (*Id*. at p. 9) It then said: "This bill extends the current recall and resentencing law to persons who plead to a stipulated sentence by removing the requirement that the person was sentenced under Penal Code section 1170, subdivision (b) . . . . It is unclear whether courts will interpret the law to require the entire agreement to be voided in order to resentence the petitioner." (*Id*. at p. 10; see also Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 1209 (2021–2022 Reg. Sess.) as amended May 19, 2022, p. 4.)

A later Senate bill analysis stated: "Once the court has accepted the terms of the negotiated plea, it lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless the parties agree. [Citations.] [¶] This bill would expressly state that if the defendant is eligible for resentencing, the court may [reduce the sentence] *regardless of whether the original sentence was imposed after a trial or plea*." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1209 (2021–2022 Reg Sess.) as amended May 19, 2022, pp. 6-7.)

In sum, then, the Legislature clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91. It had doubts about whether, in such a case, (1) a court could grant relief without allowing the People to withdraw from the plea bargain, and (2) a court would have jurisdiction to impose a sentence contrary to the plea bargain. Nevertheless, it intended the amendments to benefit persons serving a stipulated sentence, to the extent that it had the power to make them do so.

"[T]he general rule in California is that [a] plea agreement will be '"deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy."'" [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*).) And here, as we have already discussed, the Legislature did intend the changes to apply.

"Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain . . . unless, of course, the parties agree.' [Citation.]" (*People v. Ames* (1989) 213 Cal.App.3d 1214, 1217; accord, *People v. Prudholme*, *supra*, 14 Cal.5th at p. 973.) Under *Doe*, however, the terms of the plea bargain include future changes in the law. By implementing such changes, the trial court is not altering the terms of the plea bargain. Therefore, there is no jurisdictional objection to it doing so.

Moreover, the trial court does not have to give the prosecution an opportunity to withdraw from the plea bargain. In *Harris v. Superior Court* (2016) 1 Cal.5th 984, the Supreme Court held that, when a defendant is entitled to have a felony conviction reduced to a misdemeanor under section 1170.18 (enacted by Proposition 47), the prosecution is not entitled to an opportunity to withdraw from the plea bargain. (*Id*. at pp. 991–992.) It explained: "The resentencing process that Proposition 47 established would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner." (*Id*. at p. 992.)

Here, likewise, "the goals of the legislation . . . would be thwarted if the prosecution could routinely withdraw from plea agreements" whenever the defendant seeks relief. (See *People v. Prudholme*, *supra*, 14 Cal.5th at p. 979.)

We note one limitation on our holding, In *Doe*, the Supreme Court was responding to a question from the Ninth Circuit regarding an issue of state law. (*Doe*, *supra*, 57 Cal.4th at pp. 65–67.) Accordingly, it noted: "Our task is limited. We are not here concerned with the restrictions imposed by the federal and state Constitutions on the Legislature's power to legislate retroactively. [Citation.] For present purposes, we assume the Legislature's decision to make . . . amendments . . . retroactive comports with federal and state constitutional requirements, including due process, the prohibition against ex post facto laws, and the federal and state contract clauses that prohibit states from passing laws impairing the obligation of contracts." (*Id*. at p. 68.) It acknowledged

11

that the Legislature's power to "enact laws that will affect the consequences attending the conviction entered upon the plea" is "subject to the limitations imposed by the federal and state Constitutions." (*Id*. at p. 70.)

In their brief, the People cited *Doe*; they acknowledged its holding that changes in the law *can* apply to a plea agreement. Nevertheless, they do not argue that the amendments to section 1170.91, to the extent that they allow a trial court to reduce a stipulated sentence, are unconstitutional, for any reason. We deem them to have forfeited any constitutional argument. Our opinion should not be read as deciding the constitutionality of section 1170.91 as applied to petitioners serving a stipulated sentence.

## III

## DISPOSITION

The order appealed from is reversed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.