Filed 6/18/24  P. v. Ortiz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E080622 |
| v. | (Super.Ct.No. SWF2007239) |
| RENO EDWARD ORTIZ, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Reversed with directions.

Michael A. Hestrin, District Attorney, Valerie Tanney, Deputy District Attorney, for Plaintiff and Appellant.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Respondent.

1

## INTRODUCTION

Defendant and respondent Reno Edward Ortiz was sentenced to 16 months in state prison in the instant case pursuant to a negotiated disposition after he admitted that he violated his probation. This sentence was to run concurrent to the sentences in other felony cases in which he was sentenced the same day. After an error was discovered, the court resentenced him in those other cases to 16 months local time pursuant to Penal Code[1] section 1170, subdivision (h). The court subsequently decided to resentence defendant in the instant case to 365 days in county jail. The People now appeal the order resentencing him to county jail in the instant case. We reverse and remand.

## PROCEDURAL BACKGROUND

On October 30, 2020, in case No. SWF2007239 (the instant case), defendant pled guilty to carrying a loaded firearm in public (Pen. Code, § 25850, subd. (c)(6), count 1) and being under the influence of a controlled substance while in the immediate presence of a loaded firearm (Health & Saf. Code, § 11550, subd. (e), count 2), both felonies. The court suspended judgment and placed defendant on probation for three years. His probation was subsequently revoked, and he was found in violation of probation on August 13, 2021; his probation was then modified and reinstated. On November 12, 2021, defendant's probation was again revoked and remained revoked until a probation revocation hearing was held on December 27, 2022. Several more petitions to violate probation were filed before the hearing was held on December 27, 2022.

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

*December 27, 2022 Hearing*

On December 27, 2022, the court held a hearing and called the instant case, along with seven of defendant's other cases. As relevant here, the cases included two violation of probation (VOP) cases—the instant case and case No. BAF1801121 (hereinafter, BAF121)—and two felony cases—case No. BAF2200483 (hereinafter, case BAF483) and case No. BAF2200895 (hereinafter, case BAF895). The parties had reached an agreement that defendant would plead guilty in his felony cases and receive the low term of 16 months in state prison for each of them, to be served concurrent to each other. As to defendant's misdemeanor cases, he was to receive a terminal disposition, and in his VOP cases, he was to admit that he violated the terms of his probation, his probation would be terminated, and he would receive concurrent time with the other felony cases.

Pursuant to plea agreements, defendant pled guilty in BAF483 and BAF895. He also pled guilty in his misdemeanor cases. The court sentenced defendant in BAF483 and BAF895 to the low term of 16 months in state prison, concurrent to the sentence he would be receiving in BAF121.[2] The written plea agreements in BAF483 and BAF895 stated: "Low term 16 months concurrent to BAF1801121," and "State prison because of

---

[2] In BAF121, defendant was charged with the same two offenses as the instant case—being under the influence of a controlled substance while in the immediate presence of a loaded firearm (Health & Saf. Code, § 11550, subd. (e), count 1), and carrying a loaded firearm in public (Pen. Code, § 25850, subd. (c)(6), count 2). In November 2018, pursuant to a plea agreement, he pled guilty to both counts, in exchange for a grant of probation, a 90-day rehabilitation program, and "17b upon successful completion of rehab." On May 17, 2019, the court found that he had completed his program and reduced both counts to misdemeanors under section 17, subdivision (b).

sentence in BAF1801121." The court then sentenced defendant in his two misdemeanor cases to 180 days with a terminal disposition.

The court next turned to the VOP cases, and defendant admitted he violated his probation in the instant case, BAF121, and in a case ending in 686. As to the instant case, pursuant to an agreed disposition, the court terminated defendant's probation and sentenced him to 16 months in state prison, to run concurrent to all his other cases.[3] As to BAF121, the court also terminated probation and sentenced defendant to 16 months in state prison, to run concurrent to all his other cases.[4] As to the case ending in 686, the court terminated probation and sentenced him to "180 days to be served concurrent to all your other cases." The court then stated, "All of your sentences will be served in actual real state prison. Do you understand that, sir?" Defendant said, "Yes." Finally, the court dismissed an infraction case. The court stated that it needed to address one more procedural matter that required a probation officer, and that matter concerned only BAF483[5], BAF895, and cases ending in 552, and 729. Thus, the court ordered defendant back the next day on those four matters.

---

[3] The VOP form in the instant case states the terms of the agreed disposition are as follows: "Revoke and terminate 16 months state prison concurrent to all other cases." The form was signed by defendant, his attorney, and the deputy district attorney.

[4] The court apparently erred in sentencing defendant to state prison in BAF121, as the VOP form states the agreed disposition as follows: "Revoke and terminate; 180 both counts concurrent. (Note both charges are misdemeanors.)"

[5] The court actually stated "484," however, it appeared to have misspoken, since defendant did not have a case ending in 484 that day. However, he did have a case ending in 483.

4

*December 28, 2022 Hearing*

At the hearing on December 28, 2022, the court informed defendant that they finished almost everything the previous day and just needed the firearms relinquishment form filled out. However, since then, it was discovered that defendant had two more misdemeanor cases they were unaware of. The court also informed defendant that in one of his VOP cases, they originally thought the underlying offense was a felony, but it was discovered the offense had actually been reduced to a misdemeanor. The court then stated, "So that means that your sentence yesterday of 16 months will not be served in state prison, but will be served pursuant to [section] 1170[, subdivision] (h), which means that you get [to] do your time locally. But it still qualifies as you having a prison commitment on those cases." The court further stated, "We need to resentence you on those matters to reflect that you won't be going to state prison, but we also want to try to wrap up all of your cases so you're not going back and forth here." Defendant then entered not guilty pleas on the two outstanding misdemeanor cases, and the court continued the hearing to the following day.

*December 29, 2022 Hearing*

On December 29, 2022, the court called seven of defendant's cases and did not include the instant case. Defendant and the People were represented by different attorneys than those that appeared at the prior hearings. The court summarized the proceedings for defendant as follows: "[W]e discovered that the case that was believed to be the controlling case that would have subjected you to a state prison commitment,

5

the case ending in 121, actually had been reduced to a misdemeanor. [¶] Therefore, you would not be sentenced to state prison. But all of your cases would qualify for you to serve your time locally pursuant to [section] 1170[, subdivision] (h)." The court stated they had discovered two other new cases "out there" yesterday, which it believed he had "wrapped up as well." The court proceeded to resentence defendant in BAF121. Defendant admitted to violating his probation in that case again, and the court resentenced him to 180 days in county jail, to run concurrent to all his other cases; however, with his credits, the court informed defendant that he was "finished with that case." The court then announced that in BAF895 and BAF483, the "minutes" would now be corrected to show that the 16-month sentences, to run concurrent to each other in his other cases, would "be served pursuant to [section] 1170[, subdivision] (h) local time"; therefore, defendant would not be sent to state prison.

The court next addressed the two misdemeanor cases. Defendant pled guilty in both cases pursuant to plea agreements, and the court sentenced him to one day in county jail, with a terminal disposition. It then addressed defendant, stating, "[W]e're in the same place where we left off, except it got a little better for you. So you're still going to do your 16 months but locally. And we've wrapped up all the cases that we're aware of at this time."

The court adjourned, but later that afternoon, the parties appeared again, and this time, the original attorneys from the December 27, 2022 hearing appeared. The court "recalled" the case and said they needed to update the credits on BAF895 and BAF483.

6

The prosecutor asked to return to court the next day to deal with what defendant's actual sentence and plea were. The court said they had discussed the confusion off the record, summarizing that a courtroom assistant had discovered that the case defendant pled to, which they thought carried a state prison commitment, had been reduced to a misdemeanor; thus, "it wasn't prison eligible," and the court resentenced him to 16 months pursuant to section 1170, subdivision (h); the court noted that neither party objected. When the court reiterated that no one objected after it resentenced defendant the day before, the prosecutor said he was just informed that the case the People cited on the plea forms for BAF895 and BAF483 was incorrect; however, there was a case that made the entire sentence state prison eligible, so the deal was not defective. The prosecutor said, "The Court then added all the cases on, except the one that made it state prison." The prosecutor was referring to the instant case. The court stated it only added the cases that needed to be resentenced, and the prosecutor said, "But didn't add on the one that makes it all state prison." The court replied, "The Court didn't have to because that case was already done . . . the Court already sentenced him." The court stated that the case "wasn't even on." The prosecutor asserted that defendant was previously advised he would be sentenced to state prison in the instant case, and he accepted that sentence and entered his VOP admission.

After further discussion on the confusion in the cases, the court said it would bring defendant back to court the next day since he was not present that afternoon, and that, "if he does not want to accept the People's negotiated plea, he can plead to the Court."

When the prosecutor reminded the court that defendant had already entered a plea in the instant case, the court said it could "17(b)[6] it for sentencing purposes," and "[defendant] can decide what he wants to do."

*December 30, 2022 Hearing*

The court held a hearing on December 30, 2022 and called the instant case only. The court addressed defendant and said, "Just to summarize, we did re-sentence you yesterday on some other matters. This matter was not included in that. We know you had multiple cases that you got sentenced on throughout the course of this week." It then stated it was going to sentence defendant in the instant case. The prosecutor requested that if the court was going to allow defendant to withdraw his plea, the defense file a motion to which he could respond since he (the prosecutor) did not think there was a legal basis to withdraw the plea. The court stated it was going to allow defendant "to be sentenced not as part of the People's disposition, but directly to the Court" and noted the People were objecting to the court resentencing him in the instant case. The court then explained that defendant was not withdrawing his plea, but it was only going to resentence him. Defense counsel agreed.

Defense counsel reiterated the mix-up in the cases that had occurred, and said, "[I]f the Court is not re-sentencing him using the Court's 17(b) powers to reduce it to a misdemeanor at this point in time, we would have misadvised the client as to the entrance of the listed pleas because we advised [him] before the listed pleas that this was going to

---

[6] Section 17, subdivision (b) (hereafter 17(b)).

8

be an [section] 1170 local time case." The court stated, "So just so we're clear, he's keeping his admission. The Court is just re-sentencing him, and the Court is re-sentencing him to something different than what he had agreed to with the People." The prosecutor again objected to resentencing and stated that defendant admitted a violation of probation in the instant case and was sentenced to state prison, and that sentence was "legally appropriate." The prosecutor argued there was nothing legally insufficient with defendant's plea, and defendant had entered into the bargain knowingly and intelligently. The prosecutor asked if they were going to change the bargain, they do it "formally and in writing," but he still did not believe there was a legal reason to allow defendant to withdraw his plea or resentence him since he had agreed to state prison.

The prosecutor additionally argued that if the court did resentence defendant to a term in county jail, it would be a de facto section 17(b) reduction; however, there was no reason to reduce the sentence just because of the confusion, after defendant had already agreed to state prison. The court replied that when the mistake was discovered, "we all believed he was not state prison eligible," and the parties submitted new forms to reflect section1170, subdivision (h) sentences in "[a]ll those cases," without objection. The court acknowledged that the instant case was "not brought up at that point." It stated that even so, the court still had discretion under section 17(b), and noted that defendant "is a person who does have an extensive drug problem" and all his crimes were connected to him being a drug addict.

Defense counsel interjected that the court "does have the power to recall [defendant's] prison sentence within 120 days and to exercise re-sentencing powers, and I think the Court can do that in the interest of justice." He then argued that "[t]he previous [Health and Safety Code, section] 11550[, subdivision] (b) was reduced to a misdemeanor by the People so I don't think it's outrageous that this Court is willing to reduce that [Health and Safety Code, section] 11550[, subdivision] (b) as a misdemeanor, as well."

The prosecutor objected, stating that the People would lose the benefit of the bargain and, in that event, they should be able to withdraw from the negotiated disposition. The court noted that the People failed to do so when defendant was resentenced the other day, and it agreed with the defense that it could reduce this conviction under section 17(b). The prosecutor therefore attempted to give the factual scenario of this case to the court, but the court stated, "People, I'm going to stop you there. I'm going to re-sentence him. He's not withdrawing any pleas. His admission still stands. The Court is re-sentencing him." The court then resentenced defendant to 365 days in county jail, to run concurrent to all his other cases. The prosecutor asserted that they never discussed the facts of this case and why "it couldn't be 17(b)." The court said it was not going to relitigate the underlying facts of the offenses, noting that the parties had been there for four days discussing defendant's history, and that this particular prosecutor was in court some days and other prosecutors were there other days. The court concluded, "So the Court, at this time, has indicated what his sentence is." The

10

prosecutor said he wanted to put on the record, for purposes of appeal, that the court would not allow him to relay the facts of the case. The court repeated that they had been discussing defendant's case all week. It eventually allowed the prosecutor to give a brief summary of the facts of this case and then adjourned the hearing.

DISCUSSION

The Trial Court Erred in Resentencing Defendant

The People argue that the court erred in resentencing defendant in the instant case contrary to the plea agreement since the parties had agreed that he would admit the violation of probation and be sentenced to 16 months in state prison. In other words, the People contend the court violated the terms of the agreement when it resentenced defendant to 365 days in jail. The People also argue the court abused its discretion in reducing his conviction to a misdemeanor under section 17(b). We agree.

A. *The Court Was Bound to Impose the Sentence According to the Terms of the Agreement*

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) "'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.]'" (*Ibid.*) "While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [Citation], a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain." (*People v. Ames*

11

(1989) 213 Cal.App.3d 1214, 1217 (*Ames*); see *People v. Segura* (2008) 44 Cal.4th 921, 930 ["Acceptance of the agreement binds the court and the parties to the agreement."].) "Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.'" (*Ames*, at p. 1217.)

The record makes it clear that defendant entered a negotiated agreement in the instant case where he admitted violating his probation, in exchange for a term of 16 months in state prison. At the hearing on December 27, 2022, defendant admitted he violated the terms of his probation by "picking up new cases and not following the law," and the court accepted his admission. The written VOP form states the terms of the agreed disposition were: "Revoke and terminate [probation]" and "16 months state prison concurrent to all other cases." It did not specifically mention any other cases. The form was signed by defendant, his attorney, and the deputy district attorney. Accordingly, the court revoked and terminated defendant's probation and sentenced him to 16 months in state prison, to run concurrent to his other cases. The court reiterated that his sentence would be served in state prison, and defendant confirmed that he understood. Thus, the court properly sentenced defendant in the instant case on December 27, 2022, pursuant to the terms of the agreement.

The People contend, and we agree, that the court had no authority to subsequently resentence defendant at the December 30, 2022 hearing. Following the original pronouncement of judgment on December 27, 2022, the court informed defendant that

12

the clerk had discovered the convictions in BAF121, the case that was believed to be the controlling case that would have subjected him to a state prison commitment, had been reduced to misdemeanors; thus, he would not be sentenced to state prison, but his cases "would qualify for [him] to serve [his] time locally pursuant to [section] 1170[, subdivision] (h)." The court proceeded to resentence defendant in BAF121. Defendant admitted to violating his probation in that case again, and the court resentenced him to 180 days in county jail, to run concurrent to his other cases. The court then announced that the "minutes" in BAF895 and BAF483 would now be corrected to show the 16-month sentences that were to run concurrent with the term in BAF121 would "be served pursuant to [section] 1170[, subdivision] (h)local time"; therefore, he would not be sent to state prison. The People point out that it appears the court could have corrected the mistake by replacing the reference to BAF121 on the plea agreements in BAF895 and BAF493 to a reference to the instant case.[7] However, we express no opinion on how the court handled the error, as the People are only appealing the sentence imposed in the instant case.

We note that the sentencing confusion was discussed again at the hearing on December 29, 2022, when the prosecutor attempted to argue that the instant case "technically" made defendant eligible for state prison in the other cases. During that discussion, the court stated that it did not "add all the cases back on" but "only added on

_____

[7] The written plea agreements in BAF895 and BAF493 stated, "Low term 16 Months concurrent to BAF1801121," and "State prison because of sentence in BAF1801121."

13

the cases that needed to be resentenced." The court noted it did not have to add on the instant case because defendant "was already sentenced in this case." However, for some unknown reason, the court decided to bring defendant back the following day to discuss the matter with him, stating: "[I]f he does not want to accept the People's negotiated plea, he can plead to the Court." It added, "And the Court can 17(b) it on its own motion." It is unclear why the court chose to allow defendant to decide if he wanted to accept the negotiated plea or plead to the court since he had already admitted his probation violation in the instant case and was sentenced. In fact, the court expressly acknowledged that defendant "was already sentenced in this case." It gave no explanation why he needed to be resentenced. Moreover, we observe that the VOP form does not indicate the sentence in the instant case was tied to an agreement in any other case, except that the term was to run concurrent to the sentences in the other cases.

Nonetheless, at the hearing the next day (December 30, 2022), the court resentenced defendant, over the prosecutor's objection. Significantly, the court stated, "So just so we're clear, he's keeping his admission. The Court is just re- sentencing him, and the Court is re-sentencing him to *something different than what he had agreed to with the People*. The Court's re-sentencing him now to what the Court is going to give him . . . ." (Italics added.) The prosecutor argued that despite the confusion on where defendant would serve his other sentences, there was no reason to resentence him here since he had agreed to state prison. The prosecutor further argued that it would be a de facto section 17(b) reduction to resentence him to county jail. We agree with the People

14

that there was no reason for the court to resentence defendant in the instant case. We observe that the court cited no authority to do so, but merely stated that it had "discretion to exercise its power to 17(b) [this] matter." (See § B., *post*.) However, the court did not have authority to impose a sentence contrary to the terms of the agreed disposition, since the prosecutor did not agree to a change. (See *Ames*, *supra*, 213 Cal.App.3d at p. 1217.)

Defendant concedes that a trial court cannot "stray from the terms of a negotiated plea agreement once it accepts the plea agreement." However, he claims that, at the hearings on December 28, 2022, and December 29, 2022, the parties "agreed to a new 10-case global resolution, a resolution that did not require [him] to serve his sentence in state prison." As the People point out, the record does not support this claim. At the end of the hearing on December 27, 2022, the court ordered defendant to return the next day to fill out his firearm relinquishment form. The court specifically stated, "And that only applies to your case ending in 484, 895, 552, and 729. It doesn't apply to the other matters. [¶] So you'll just be back tomorrow for those four matters." The instant case was not one of those four matters. Accordingly, at the hearing on December 28, 2022, the court did not call the instant case.

At the December 28, 2022 hearing, the court revealed the mistake that had been discovered concerning the case the parties thought involved felonies that had actually been reduced to misdemeanors (BAF121). The court then told defendant his "sentence yesterday of 16 months will not be served in state prison," and continued the matter to the next day since it was the end of the day. We observe that at the hearing the next day on

15

December 29, 2022, the court called seven of defendant's cases, and again did not include the instant case. In other words, contrary to defendant's claim, there was no "global resolution plea agreement" involving the instant case. Moreover, the record clearly demonstrates the prosecutor did not agree to a resolution that did not require defendant to serve his sentence in the instant case in state prison. Rather, the prosecutor objected to him being resentenced at all since defendant had agreed to a state prison term.

Ultimately, the court had no authority to resentence defendant in the instant case. The parties agreed that defendant would admit to a violation of probation and be sentenced to 16 months in state prison. The court sentenced him to 16 months in state prison, in accordance with the agreed disposition, and it had no authority to subsequently resentence him to a different term. Nor did it have the authority to change the agreed-upon state prison felony disposition to a misdemeanor local custody disposition. (See *Ames*, *supra*, 213 Cal.App.3d at p. 1217.)

B. *The Court Abused its Discretion in Reducing Defendant's Conviction to a Misdemeanor Under Section 17(b)*

The People further argue that apart from its lack of authority to resentence defendant contrary to the terms of the agreement, the court abused its discretion by reducing his conviction in the instant case to a misdemeanor under section 17(b). We agree.

"Penal Code section 17, subdivision (b) gives the trial court discretion to reduce certain felonies, often referred to as wobblers, to misdemeanors. [Citations.] The statute

16

does not specify the criteria a court should consider, but California appellate decisions have indicated the pertinent factors may include those relevant to sentencing decisions, such as the circumstances of the offense, the defendant's appreciation of and attitude toward the offense, and the defendant's character as evidenced by the defendant's behavior and demeanor at the trial. [Citations.] We review the trial court's ruling on a motion to reduce a felony to a misdemeanor pursuant to Penal Code section 17, subdivision (b) for an abuse of discretion and give deference to the trial court's weighing of the relevant factors." (*People v. Mullins* (2018) 19 Cal.App.5th 594, 611.) Any exercise of the authority under section 17(b) "must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect." (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981-982 (*Alvarez*).)

Even if the court had discretion to reduce defendant's offense to a misdemeanor under section 17(b), the record demonstrates that the court's decision to do so was an abuse of that discretion. Rather than considering relevant factors such as the circumstances of the offense, defendant's attitude toward the offense, his character, his criminal past, or public safety, the court simply stated: "[T]he Court does have discretion to exercise its power to 17(b) a matter, and the Court, in reviewing [defendant] with the information of those provided and his case history, this is a person who does have an extensive drug problem, and . . . his crimes all seem to be connected to around him being a person who is addicted to drugs." The court then allowed defense counsel to speak, and

17

defense counsel argued that "[t]he previous [Health and Safety Code, section] 11550[, subdivision] (b) was reduced to a misdemeanor by the People so I don't think it's outrageous that this Court is willing to reduce [the instant] [Health and Safety Code, section] 11550[, subdivision] (b) as a misdemeanor, as well." When the prosecutor stated that he wanted to relay the facts of the case, the court said, "People, I'm going to stop you there. I'm going to re-sentence him." It then resentenced defendant to 365 days in county jail. Although the court eventually allowed the prosecutor to give a brief summary of the facts, it did so only after it had already resentenced defendant. Thus, the court appears to have just considered that defendant was a drug addict and that the People had reduced the same charge in a different case to a misdemeanor. In other words, the record does not reflect "a fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration." (*Alvarez*, *supra,* 14 Cal.4th at pp. 981-982.)

In view of the record, we conclude the court abused its discretion in reducing defendant's felony to a misdemeanor and sentencing him to 365 days in county jail.

## DISPOSITION

We reverse and remand the matter for the trial court to vacate its December 30, 2022 order sentencing defendant to 365 days in county jail and to reinstate the December 27, 2022 order sentencing him to 16 months in state prison, in accordance with the terms of the agreed disposition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                    J.

We concur:

McKINSTER _____
          Acting P. J.

RAPHAEL _____
          J.